UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEGAN LUNDY, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>    v.<br><br>IDEANOMICS, INC., ALFRED POOR, BRUNO WU, and CONOR MCCARTHY,<br><br>               Defendants. | Case No. 1:20-cv-04944-GBD |
| ANDREW KIM, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>    v.<br><br>IDEANOMICS, INC., ALFRED POOR, BRUNO WU, and CONOR MCCARTHY,<br><br>               Defendants. | Case No. 1:20-cv-05203-GBD |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE THE RELATED ACTIONS, APPOINT GARY SONS AS LEAD PLAINTIFF AND APPROVE THE SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...............................................................................................- 1 -

II.   FACTUAL BACKGROUND...............................................................................- 2 -

III.  ARGUMENT.......................................................................................................- 3 -

    A.    The Related Actions Should Be Consolidated......................................- 3 -

    B.    Movant Should Be Appointed Lead Plaintiff .......................................- 4 -

        1.    Movant's Motion Is Timely......................................................- 4 -

        2.    Movant Has The Largest Financial Interest In The Relief Sought By The Class............................................................................................- 4 -

        3.    Movant Satisfies The Requirements Of Rule 23 .....................- 5 -

    C.    The Court Should Approve Movant's Selection of Counsel ...............- 6 -

IV.   CONCLUSION...................................................................................................- 7 -

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bensley v. FalconStor Software, Inc.*,
  277 F.R.D. 231 (E.D.N.Y. 2011) ....................................................................................5

*In re eSpeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005) ......................................................................................5

*Jakobsen v. Aphria, Inc.*,
  2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) ............................................................3, 5

*Richman v. Goldman Sachs Grp., Inc.*,
  274 F.R.D. 473 (S.D.N.Y. 2011) ...................................................................................3

*Topping v. Deloitte Touche Tohmatsu CPA*,
  95 F. Supp. 3d 607 (S.D.N.Y. 2015) ..............................................................................6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A) ..................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(i) ..............................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(ii) .........................................................................................1, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii) ............................................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .....................................................................................2, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ..................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(v) ..............................................................................................6

**Other Authorities**

Fed. R. Civ. P. 42(a) ............................................................................................................1

Federal Rules of Civil Procedure Rule 23 .....................................................................2, 4, 5

Gary Sons ("Mr. Sons" or "Movant") respectfully submits this Memorandum of Law in support of his Motion for: (1) consolidation of the two above-captioned related actions; (2) appointment as Lead Plaintiff pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) approval of his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class; and (4) granting such other and further relief as the Court may deem just and proper.

## I.      INTRODUCTION

The two above-captioned actions allege that Ideanomics, Inc. ("Ideanomics," "IDEX," or the "Company") and certain of its officers made materially false and misleading statements in violation of the Securities Exchange Act of 1934. Specifically, the actions allege Defendants misrepresented and concealed facts concerning Ideanomics' electronic vehicle ("EV") business and purported EV hub in Quingdao, China. As a result of Defendants' false and misleading statements, investors, including Movant, purchased IDEX shares at artificially inflated prices and suffered significant harm when the truth was revealed. Given that the two actions assert identical claims against identical Defendants on behalf of overlapping classes of investors that purchased IDEX securities during the same class period, the cases should be consolidated. *See* Fed. R. Civ. P. 42(a).

Next, pursuant to the PSLRA, the Court is to appoint "the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. § 78u-4(a)(3)(B)(ii). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical

and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Mr. Sons respectfully submits that he is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff. Mr. Sons believes he has the largest financial interest in the above-captioned actions by virtue of his substantial investments in IDEX securities during the alleged class period. *See* Certification and Loss Chart, Declaration of Lucas E. Gilmore ("Gilmore Decl."), Exhibits ("Ex.") A and B, submitted herewith; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Specifically, Mr. Sons purchased a total 350,000 IDEX securities and suffered $357,396.04 in losses during the alleged class period.

## II.       FACTUAL BACKGROUND

Ideanomics purports to be a global company focused on facilitating the adoption of commercial electric vehicles (EV) and developing next generation financial services and Fintech products. The Company is headquartered in New York, NY, and maintains offices in Beijing and Qingdao, China.  Ideanomics common stock trades on the NASDAQ stock exchange under the ticker "IDEX."

The Actions allege that in press releases published by the Company during the Class Period, Ideanomics has lauded its "one million square foot EV expo center in Qingdao, Shandong Province," in China, also known as the Company's Mobile Energy Global (MEG) Division, or the "MEG Center." According to Ideanomics, the MEG Center is "the largest auto trading market in Qingdao," China.

The complaint alleges that, throughout the Class Period, Defendants misrepresented and omitted facts concerning the development of the MEG center, and overstated the strength of its electric vehicle business.  According to the complaint, Defendants repeatedly lauded its "one

million square foot MEG center," while concealing the MEG Center was not

operational.  Defendants also publicized new electric vehicle contracts when, in fact, these

agreements were fabricated.

Investors began to learn the truth on June 25, 2020, when two research firms accused the

company of doctoring photographs of the MEG Center to make it appear operational and claimed

recently promoted electronic vehicle contracts were phony.  On this news, Ideanomics' stock

price fell $0.65 or approximately 21%.

The Actions further allege that, on June 26, 2020, the Company issued a press release

seeking to "clarify the status" of its MEG center.  Specifically, the Company stated that it was

launching three phases of its MEG Center that will eventually total one million square feet. The

first phase, according to Ideanomics, occupies only "215,000 square feet."  The stock price

continued to plummet on June 26, 2020, dropping to a close of $1.46 per share, representing a

two day drop of approximately 53%.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting

substantially the same claim or claims arising under this chapter [is] filed," the court shall not

appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."

15 U.S.C. § 78u-4(a)(3)(B)(ii); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475

(S.D.N.Y. 2011).

Here, consolidation is appropriate because the actions "involve 'substantially identical

questions of law and fact.'" *Jakobsen v. Aphria, Inc.*, No. 18 CIV. 11376 (GBD), 2019 WL

1522598, at *1 (S.D.N.Y. Mar. 27, 2019) (Daniels, J.) (quoting *Reitan v. China Mobile Games &*

*Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 394 (S.D.N.Y. 2014)). Both actions allege that Ideanomics,

as well as some of its senior executives, made false statements and misrepresentations about its business, operations, and prospects between March 20, 2020 and June 25, 2020.

## B.     Movant Should Be Appointed Lead Plaintiff

Mr. Sons should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the Class and that satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Mr. Sons believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1.     Movant's Motion Is Timely

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). The notice published in this action on June 28, 2020 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline. *See* Published Notice, Gilmore Decl., Ex. D. Because Movant filed the motion within sixty days of publication of the notice of action, the motion is timely.

### 2.     Movant Has The Largest Financial Interest In The Relief Sought By The Class

To determine which movant has the largest financial interest, the Court is to consider: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and

- 4 -

(4) the approximate losses suffered." *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 234 (E.D.N.Y. 2011) (internal quotations and citations omitted).

During the Class Period, Mr. Sons expended over $931,396 purchasing 350,000 IDEX shares on NASDAQ during the Class Period at the artificially inflated prices and suffered total losses of $357,396.04. *See* Gilmore Decl., Exs. A and B. To the best of Mr. Sons's counsel's knowledge, there is no other movant with a larger financial interest. Therefore, Mr. Sons satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3.     Movant Satisfies The Requirements Of Rule 23

In addition to possessing a significant financial interest, Movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "As for satisfying the requirements of Fed. R. Civ. P. 23, at this stage of the litigation, the moving plaintiff is only required to make a preliminary showing that the adequacy and typicality requirements have been met." *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) ("At the lead plaintiff stage of the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (quotations omitted).

Mr. Son's claims are typical because, like all members of the class, he alleges that he purchased Ideanomics stock during the class period and suffered losses after it was discovered that Defendants' misleading statements artificially inflated its stock price during that period. *Aphria, Inc.*, 2019 WL 1522598, at *5.

Mr. Sons will also fairly and adequately represent the proposed class. As set forth in greater detail below, Mr. Sons has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action. There is no evidence of antagonism or conflict between Mr. Sons's interests and the interests of the Class. Finally, Mr.

Sons has the sophistication and interest to ensure this case is vigorously prosecuted. Mr. Sons is the President and CEO of a Fresno-based construction company.  Mr. Sons has actively managed his own investments for over 40 years. *See* Gilmore Decl., Ex. C at ¶ 2. Moreover, Mr. Sons has submitted a signed Certification and declaration confirming his commitment to protecting the interests of the Class.  *See* Gilmore Decl., Ex. A, C.  Finally, the significant losses he has incurred demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous prosecution of the litigation. *See* Gilmore Decl., Ex. A, B.

**C.      The Court Should Approve Movant's Selection of Counsel**

Under the PLSRA, "the most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015).

Mr. Sons has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Gilmore Decl., Ex. E. Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class-action cases. *See* Ex. E at page 31. Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions, *see* Ex. E at page 32, including several within this District. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. *See Maloney, et al., v. Ollie's Bargain Outlet Holdings, Inc., et al.*, No. 1:19-cv-08647-JPO (S.D.N.Y.), *Moshell v. Sasol Ltd., et al.*, No. 1:20-cv-01008-JSR (S.D.N.Y.).

## IV.    CONCLUSION

For the foregoing reasons, Mr. Sons respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Mr. Sons as Lead Plaintiff pursuant to the PSLRA; (3) approve Mr. Sons's selection of Hagens Berman to serve as Lead Counsel for the putative Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: August 27, 2020                    Respectfully submitted,


HAGENS BERMAN SOBOL SHAPIRO LLP

By  /s/ Jason A. Zweig
     JASON A. ZWEIG, JZ-8107
555 Fifth Avenue, Suite 1700
New York, NY 10017
Telephone: (212) 752-5455
Facsimile:  (917) 210-3980
jasonz@hbsslaw.com

Reed R. Kathrein
Lucas E. Gilmore
Danielle Smith
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff*
*Gary Sons*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2020, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-

mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List,

and I hereby certify that I have mailed a paper copy of the foregoing document via the United

States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List

generated by the CM/ECF system.

*/s/ Jason A. Zweig*
JASON A. ZWEIG
