**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MEGAN LUNDY, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| | Case No.: 1:20-cv-04944-GBD |
| v. | |
| IDEANOMICS, INC, ALFRED POOR, BRUNO WU, and CONOR MCCARTHY, | Hon. George B. Daniels |
| Defendants. | |
| ANDREW KIM, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| | Case No.: 1:20-cv-05203-GBD |
| v. | |
| IDEANOMICS, INC., ALFRED POOR, BRUNO WU, and CONOR MCCARTHY, | Hon. George B. Daniels |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF RICHARD R. LABOUNTY'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ................................................................................................. 2

II.   PROCEDURAL HISTORY ................................................................................................. 3

III.  ARGUMENT ...................................................................................................................... 4

    A.   Consolidation of the Actions Is Appropriate ..................................................... 4

    B.   Appointing Movant As Lead Plaintiff Is Appropriate ....................................... 5

        1.   Movant Filed a Timely Motion. ............................................................... 6

        2.   Movant Has the Largest Financial Interest. .............................................. 7

        3.   Movant Satisfies the Relevant Requirements of Rule 23. ......................... 7

            a.   Movant's Claims Are Typical. ........................................................ 8

            b.   Movant Is An Adequate Representative. .......................................... 9

    C.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ....................... 9

IV.   CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp.*,
  264 F.3d 201 (3d Cir. 2001).......................................................................................... 9

*City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) ............................................................................... 8, 9

*In re eSpeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005) .................................................................................... 8

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990)........................................................................................ 4

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008).................. 8

*Mitchell v. Complete Mgmt., Inc.*,
  Case No. 99-CV-1454 (DAB), 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999).......................... 4

*Primavera Familienstiftung v. Askin*,
  173 F.R.D. 115 (S.D.N.Y. 1997). ................................................................................. 4

*Salinger v. Sarepta Therapeutics, Inc.*,
  No. 19-CV-8122 (VSB), 2019 U.S. Dist. LEXIS 218248 (S.D.N.Y. Dec. 17, 2019).............. 6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)......................................................................... 6, 7

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 9

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) .................................................................................. 4

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................... passim

**Rules**

FED. R. CIV. P. 23............................................................................................ 1, 6, 7, 8

Fed. R. Civ. P. 42(a) ............................................................................................ 4, 5

Richard R. LaBounty ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned actions (the "Actions")[1], appoint him as lead plaintiff, and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), on behalf of a putative class of purchasers of Ideanomics, Inc.. ("Ideanomics" or the "Company") securities who purchased or otherwise acquired publicly traded securities of Ideanomics from March 20, 2020 to June 25, 2020, inclusive (the "Class" who purchased during the "Class Period"), against Defendants Ideanomics, Alfred Poor ("Poor"), Bruno Wu, ("Wu"), and Conor McCarthy ("McCarthy") (collectively "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" plaintiff, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky

---

[1] The Actions are *Lundy v Ideanomics, Inc., et al.,* Case No. 1:20-cv-04944 filed in the Southern District of New York on June 28, 2020 (the "*Lundy* Action") and *Kim v Ideanomics, Inc., et al.,* Case No. 1:20-cv-05203 filed in the Southern District of New York on July 7, 2020 (the "*Kim* Action")..

as Lead Counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.    FACTUAL BACKGROUND[2]

Ideanomics is a company focused on facilitating the adoption of commercial electric vehicles and developing next generation financial services and Fintech products. ¶ 2. The Company's headquarters is located in New York, NY, and also maintains offices in Qingdao and Beijing, China. *Id.* Ideanomics stock trades on the NASDAQ under the ticker "IDEX". *Id.*

Earlier this year, Ideanomics began touting in press releases about its Mobile Energy Global (MEG) Division, or the "MEG Center" located in Qingdao, Shandong Province. ¶ 3. According to the press releases, the MEG Center was a "one million square foot EV expo center". *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business. ¶ 9. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Ideanomics' MEG Center in Qingdao was not "a one million square foot EV expo center"; (ii) the Company had been using doctored or altered photographs of the purported MEG Center in Qingdao; (iii) the Company's electric vehicle business in China was not performing nearly as strong as Ideanomics had represented; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Lundy* Complaint") filed in the *Lundy* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Lundy* Complaint. The facts set forth in the *Lundy* Complaint are incorporated herein by reference.

Then, on June 25, 2020 an analyst from Hindenburg Research issued a series of tweets calling Ideanomics "an egregious & obvious fraud." ¶ 4. Hindenburg claimed that Ideanomics had doctored photos used in its press releases to suggest that the Company owns or operates a vehicle sales center, when it does not. *Id.* Further, Hindenburg asserted that it had an investigator go to the MEG Center, and the investigator was unable to find any trace of Ideanomics or the MEG Center. *Id.*

That same day, an analyst from J Capital Research issued a report on Ideanomics, claiming that "[t]he Company changes its name and promotional story so frequently that it's hard to keep up. One thing remains a constant, despite all the press releases, buzzwords and hype: shareholders get wiped out." ¶ 5.

On this news, the Company's stock fell approximately 21% from a close of $3.09 on June 24, 2020, to a close of $2.44 per share on June 25, 2020, a pro of $0.65. ¶ 6.

Then on June 26, 2020, Ideanomics attempted to walk back prior statements made regarding the MEG Center, stating that it was launching three phases and it would eventually total one million square feet. ¶ 7. According to the Company, the first phase occupies only 215,000 square feet. *Id.*

On this news, Ideanomics stock took another drop, closing on June 26,2020, at $1.46 per share. ¶ 8. Overall, the stock dropped 53% over a two-day trading period. *Id.*

## II.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned Actions against Defendants. Plaintiff Megan Lundy ("Lundy") commenced the first filed action against Ideanomics on June 28, 2020. On that same day, counsel acting on Lundy's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C

("Press Release") to the Declaration of Shannon L. Hopkins in Support of Movant's Motion ("Hopkins Decl.").

As more news surrounding Ideanomics began to emerge after the filing of the *Lundy* Action, the *Kim* Action was filed against Ideanomics in this Court.

## III.   ARGUMENT

### A.   Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered.15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* FED. R. CIV. P. 42(a). "[D]istrict courts have 'broad discretion to determine whether consolidation is appropriate,' weighing 'considerations of judicial economy' against 'a paramount concern for a fair and impartial trial.'" *Jakobsen v. Aphria, Inc.*, No. 18-cv-11376 (GBD), 2019 U.S. Dist. LEXIS 64440, at *4 (S.D.N.Y. Mar. 27, 2019) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Id.* at *5 ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact." (citation and quotations omitted)); *O'Brien v. Pareteum Corp.,* No. 19-cv-9767, 2020 U.S. Dist. LEXIS 4914, at *5 (S.D.N.Y. Jan. 10, 2020). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

4

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Jakobsen*, 2019 U.S. Dist. LEXIS 64440, at *5.

## B.  Appointing Movant As Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

5

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having collectively lost $18,098.40 as a result of his Class Period transactions in Ideanomics securities—and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Movant Filed a Timely Motion.

On June 28, 2020 pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Lundy published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Ideanomics securities that they had 60 days from the publication of the June 28, 2020 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Hopkins Decl.; *Salinger v. Sarepta Therapeutics, Inc.,* No. 19-CV-8122 (VSB), 2019 U.S. Dist. LEXIS 218248, at *3 (S.D.N.Y. Dec. 17, 2019) (filing a notice on *Globe Newswire* satisfied the PSLRA's notice requirement).

Movant timely filed his motion within the 60-day period following publication of the June 28, 2020 Press Release and has submitted herewith a sworn certification attesting that he is willing to serve as representatives of the Class and attaching his transactions in Ideanomics securities. *See*

6

Hopkins Decl., Ex. A. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, are presumed to be the "most adequate plaintiffs."

Movant purchased Ideanomics securities at prices alleged to have been artificially inflated by way of the Defendants' scheme and/or in reliance upon the materially false and misleading statements issued by the Defendants and were injured thereby. As a result of the alleged fraud against Defendants, Movant suffered an approximate loss of $18,098.40. *See* Hopkins, Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, Movant needs only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-12 (S.D.N.Y. Nov. 24, 2008).

### a.      Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 U.S. Dist. LEXIS 95506, at *12. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions, and fraudulent scheme, concerning Ideanomics' business, violated the federal securities laws. Movant, like all members of the Class, purchased IDEANOMICS securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were

8

damaged thereby. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.    Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297. Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute these Actions, and Movant's financial losses ensure that he has sufficient incentive to ensure vigorous advocacy. *See* Hopkins Decl., Ex. B. Finally, Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is the presumptive lead plaintiff in accordance with § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

### C.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless

9

necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and retained the firm as the Class's Lead Counsel in the event he is appointed as lead plaintiff. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one and are well-qualified to represent the Class. *See* Hopkins Decl. Ex. E (Levi & Korsinsky' s firm resume). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court grant his Motion and enter an Order: (1) consolidating the Actions; (2) appointing Movant as lead plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: August 27, 2020                          Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: /s/ *Shannon L. Hopkins*
Shannon L. Hopkins (SH-1887)
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Tel. (203) 992-4523
Fax: (212) 363-7500
Email: shopkins@zlk.com

10