**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MEGAN LUNDY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IDEANOMICS, INC., ALFRED POOR, BRUNO WU, and CONOR MCCARTHY,<br><br>Defendants. | Case No. 1:20-cv-04944-GBD<br><br>CLASS ACTION |
| ANDREW KIM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IDEANOMICS, INC., ALFRED POOR, BRUNO WU, and CONOR MCCARTHY,<br><br>Defendants. | Case No. 1:20-cv-05203-GBD<br><br>CLASS ACTION |

**MEMORANDUM IN SUPPORT OF MARTIN CAMAJ'S MOTION TO CONSOLIDATE AND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF LEAD COUNSEL**

**INTRODUCTION**

Before this Court is a securities class action brought on behalf of purchasers of Ideanomics, Inc. ("Ideanomics" or the "Company") common stock between March 20, 2020 and June 25, 2020, inclusive (the "Class Period"), which alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Martin Camaj hereby moves this Court for an order: (i) consolidating the other securities fraud class action lawsuit against Ideanomics filed in this district under the first-filed, lowest-numbered *Lundy* docket; (ii) appointing Mr. Camaj as Lead Plaintiff; and (iii) approving his selection of Block & Leviton LLP to serve as Lead Counsel.

This motion is made on the grounds that Mr. Camaj is the most adequate plaintiff as defined by the PSLRA because he believes he possesses the largest financial interest in the relief sought by the class, having lost approximately $182,855.97 on his purchases of Ideanomics shares. Mr. Camaj's claims are also typical of the claims of the putative class, and he will fairly and adequately represent the interests of the class. Mr. Camaj is, therefore, the presumptive Lead Plaintiff.

Accordingly, the Court should consolidate the two related lawsuits, appoint Mr. Camaj as Lead Plaintiff, and approve Block & Leviton as Lead Counsel.

**FACTUAL BACKGROUND[1]**

Ideanomics purports to be a global company focused on facilitating the adoption of commercial electric vehicles and developing next generation financial services and Fintech products. ¶2. Recently, Ideanomics has lauded its "one million square foot EV expo center in

---

[1] The facts are taken from the Complaint that was filed in the first-filed *Lundy* action, No. 1:20-cv-04944-GBD, (ECF No. 1). References to "¶" refer to that Complaint.

Qingdao, Shandong Province," in China, also known as Ideanomics' Mobile Energy Global (MEG) Division, or the "MEG Center." ¶3 Ideanomics has said that the MEG Center is "the largest auto trading market in Qingdao," China. *Id.*

On June 25, 2020, analyst Hindenburg Research issued a series of tweets in which it called Ideanomics "an egregious and obvious fraud." ¶4. Hindenburg asserted that it found evidence that Ideanomics had doctored photos for use in its press releases to suggest that the Company owns or operates a vehicle sales center in Qingdao, China, when it in fact does not. *Id.* Hindenburg further asserted that it had an investigator go to Ideanomics' purported MEG Center in Qingdao, where the investigator was unable to find any trace of Ideanomics or its purported MEG Center. *Id.* Also on June 25, 2020, analyst J Capital Research issued a report on Ideanomics entitled "Champion of Promotes." ¶5. J Capital wrote "[w]e called all the buyers' named in [Ideanomics'] press releases this month. Not a single one had made a purchase. One of them thanked us for alerting them to 'fake news.'" *Id.*

On this news, shares of Ideanomics common stock plummeted from its June 24, 2020 close of $3.09 per share to a June 25, 2020 close of $2.44 per share, a one day drop of $0.65 or approximately 21%. ¶6. Then on June 26, 2020, the Company issued a press release in which it sought to "clarify the status" of its purported EV hub in Qingdao, China. ¶7. In this release, Ideanomics walked back certain of its prior statements regarding the MEG Center in Qingdao, stating that it was launching three phases of its MEG Center that will eventually total one million square feet, while the first phase, per Ideanomics, occupied only 215,000 square feet. *Id.* The stock continued to plummet on June 26, 2020, closing at just $1.46, representing a two day drop of approximately 53%. ¶8.

## ARGUMENT

### I.    The Court Should Consolidate These Actions

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

There are currently two related securities class actions against Ideanomics pending in this District: *Lundy v. Ideanomics, Inc., et al.*, No. 1:20-cv-04944-GBD (S.D.N.Y.), and *Kim v. Ideanomics, Inc., et al.*, No. 1:20-cv-05203-GBD (S.D.N.Y.). Consolidation is appropriate where, as here, the actions are pending in the same court and involve common questions of fact or law. *See* Fed. R. Civ. P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Moreover, cases should be consolidated where there is "more than one action on behalf of a class asserting substantially the same claim or claims." 15 U.S.C. § 78u-(b)(ii).

These two actions assert the same claims based on the same or similar legal and factual allegations and allege exactly the same Class Period. Additionally, the interests of judicial economy weigh heavily in favor of consolidation given the substantial overlap of common questions of law and fact. *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). The Court should therefore consolidate the above-captioned actions and any other subsequently filed or transferred shareholder actions that relate to the claims in this matter.

4

**II.     The Court Should Appoint Mr. Camaj as Lead Plaintiff.**

**A.     The Procedure Required by the PSLRA**

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, August 27, 2020), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**B.     Mr. Camaj Has Timely Moved for Lead Plaintiff Appointment**

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Camaj timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Camaj has signed a certification pursuant to the PLRSA.

*See* Block Decl.,[2] Ex. B. He has selected and retained qualified counsel to represent him and the proposed class. *See* Block Decl. Ex. D.

### C.  Mr. Camaj Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, Mr. Camaj's accompanying signed certification and loss chart, Mr. Camaj incurred a substantial loss of approximately $182,855.97 on his class period transactions in Ideanomics securities. *See* Block Decl. Exs. B, C. At the time of this filing, Mr. Camaj believes that he possesses the largest financial interest of any movant seeking lead plaintiff status.

### D.  Mr. Camaj Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). "'Typicality "requires that the claims of the class representatives be typical of those of the class and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3). "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable

---

[2] References to the "Block Decl." are to the Declaration of Jeffrey C. Block, filed contemporaneously herewith.

and qualified to vigorously represent the interests of the class....'" *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

Here, Mr. Camaj's claims are typical because, like all members of the class, he purchased or otherwise acquired Ideanomics securities during the Class Period at prices artificially inflated by Defendants' wrongful conduct and suffered damages as a result thereof. Mr. Camaj's claims therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments to prove Defendants' liability.

Mr. Camaj is also an adequate representative for the proposed class. His substantial financial interest in the outcome of the action demonstrates that his interests are aligned with those of the class. Furthermore, Mr. Camaj has selected highly experienced counsel committed to zealously and efficiently prosecuting these actions to a successful conclusion. *See* Block Decl. Ex. D. Thus, Mr. Camaj satisfies the adequacy requirements of Rule 23(a)(4).

Because Mr. Camaj is the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, the Court should appoint him Lead Plaintiff.

**III.    The Court Should Appoint Mr. Camaj's Choice of Counsel**

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). Mr. Camaj has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. Block Decl. Ex. D. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean*

*Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.*

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21).

Accordingly, the Court should approve Mr. Camaj's selection of Block & Leviton as Lead Counsel.

## CONCLUSION

For the foregoing reasons, Mr. Camaj respectfully requests that the Court: (i) consolidate the other securities fraud class action lawsuit against Ideanomics filed in this district under the first-filed, lowest-numbered *Lundy* docket; (ii) appoint Mr. Camaj as Lead Plaintiff; (iii) approve his selection of Block & Leviton LLP as Lead Counsel; and (iv) grant such other relief as the Court may deem just and proper.

Dated: August 27, 2020                     Respectfully submitted,

                                           */s/ Jeffrey C. Block*
                                           Jeffrey C. Block
                                           Stephen J. Teti
                                           **BLOCK & LEVITON LLP**
                                           260 Franklin St., Suite 1860
                                           Boston, MA 02110
                                           (617) 398-5600 phone
                                           (617) 507-6020 fax
                                           jeff@blockleviton.com
                                           steti@blockleviton.com

                                           *Attorneys for Mr. Camaj and*
                                           *Proposed Lead Counsel*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Jeffrey C. Block*
Jeffrey C. Block