UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEGAN LUNDY, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-04944-GBD |
| Plaintiff, | |
| v. | |
| IDEANOMICS, INC., ALFRED POOR, BRUNO WU, and CONOR MCCARTHY, | |
| Defendants. | |
| ANDREW KIM, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-05203-GBD |
| Plaintiff, | |
| v. | |
| IDEANOMICS, INC., ALFRED POOR, BRUNO WU, and CONOR MCCARTHY, | |
| Defendants. | |

**GARY SONS'S RESPONSE IN OPPOSITION TO COMPETING MOTIONS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

010935-11/1340452 V1

## I.    INTRODUCTION

Seven motions for consolidation and appointment as lead plaintiff were filed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). But only one movant, Gary Sons ("Mr. Sons" or "Movant"), has shown that it is "the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).[1]

*First*, Mr. Sons' motion is timely and he claims the greatest financial loss resulting from Ideanomics's alleged securities fraud, totaling $434,793.77. *Jakobsen v. Aphria, Inc.*, No. 1:18-cv-11376-GBD, 2019 WL 1522598, at *4 (S.D.N.Y. Mar. 27, 2019) (Daniels, J.) ("Total financial loss 'is the most important element' in determining which plaintiff has the 'largest financial interest' pursuant to the PLSRA.").



---

[1] Significantly, movant Martin Camaj, the applicant with the second largest claimed loss, has withdrawn his motion, acknowledging "that movant Gary Sons (ECF No. 19) has the largest financial interest, and that he is neither atypical nor inadequate." ECF No. 46. Similarly, movant Troy Stephan has recognized Mr. Sons' larger financial interest and does not oppose his motion. ECF No. 47.

*Second*, Mr. Sons has made a preliminary showing that he satisfies the typicality and adequacy requirements of Rule 23. Mr. Sons' claims are typical because, "like all members of the class, he alleges that he purchased [Ideanomics] stock during the class period and suffered losses after it was discovered that [Ideanomics's] misleading statements artificially inflated its stock price during that period." *Aphria, Inc.*, 2019 WL 1522598, at *5. Mr. Sons also satisfies Rule 23(a)'s adequacy requirement. Mr. Sons "will fairly and adequately represent the proposed class because he has selected qualified and experienced counsel, there is no known conflict between him and the other putative members of the class, and his significant financial losses ensure that he will vigorously prosecute this case." *Id.*

Having satisfied these two steps, Mr. Sons is entitled to a strong presumption that he is the "most adequate plaintiff." That presumption can only be rebutted "upon proof" that Mr. Sons will not fairly and adequately protect the interests of the Class, or that Mr. Sons is subject to unique defenses that would render her incapable of doing so. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). But there are no facts, let alone any "proof," suggesting that Mr. Sons is somehow unfit to represent the Class. To the contrary, the record reflects Mr. Sons is supremely qualified to lead the prosecution of this case.

Accordingly, the Court should consolidate the above-captioned actions,[2] appoint Mr. Sons Lead Plaintiff, and approve his choice of counsel.

---

[2] All movants agree that the above-captioned actions should be consolidated because they involve "substantially identical questions of law and fact." *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 394 (S.D.N.Y. 2014). Accordingly, these two actions – as well as any other similarly related class action against Ideanomics hereafter filed in, or transferred to, this Court – should be consolidated.

## II.    ARGUMENT

### A.    Mr. Sons Is the Most Adequate Plaintiff

The PSLRA creates a presumption that the lead plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a "preliminary showing" showing that it satisfies Rule 23's typicality and adequacy requirements. *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) ("At the lead plaintiff stage of the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.").

### 1.    Mr. Sons Has the Largest Financial Interest in the Relief Sought By the Class

Though the PSLRA offers no guidance as to how to measure which proposed plaintiff has the "largest financial interest," courts in this District overwhelmingly rely on the factors derived from *Lax v. First Merch. Acceptance Corp.*, Nos. 1:97-cv-02715 et al., 1997 WL 461036, at \*5 (N.D. Ill. Aug. 11, 1997), and *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y.1998), to evaluate who has the greatest financial interest. *See, e.g., Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008). The *Lax/Olsten* factors include:

> (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.

*Varghese*, 589 F. Supp. 2d at 395. "Financial loss, the last factor, is the most important element of the test." *Id*.

As set forth in the table below, under each of the *Lax*/*Olsten*, Mr. Sons has a largest financial interest. Indeed, Mr. Sons's estimated losses – the most important factor – are multiples larger than the losses claimed by every other lead plaintiff movant. Therefore, Mr. Sons has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

| Movant | No. of Shares Purchased | Net Shares Purchased | Total Net Funds Expended | Estimated Losses |
|---|---|---|---|---|
| Gary Sons | 350,000 | 350,000 | $931,396.04 | $434,793.77 |
| Martin Camaj | 241,789 | 241,789 | $636,001.40 | $182,855.97 |
| Rene Aghajanian | 50,000 | 50,000 | $178.176.40 | $105,176.4 |
| Avraham Bitran | 60,514 | 60,514 | $217,089.98 | $93,229.12 |
| Troy Stephan | 180,401 | 33,297 | $135,794.53 | $86,821.95 |
| Joshua Lai | 19,184 | 19,184 | $68,822.40 | $41,545.00 |
| Richard R. LaBounty | 25,000 | 11,000 | $34,003.93 | $18,147.82 |

### 2.    Mr. Sons Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Movant also satisfies the typicality and adequacy requirements of Rule 23. As demonstrated in in his moving papers, Mr. Sons is a typical class representative. *See* ECF No. 19. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. at 102 ("Members of the class claim to have been injured by a fraudulent inflation of eSpeed's stock price; the Adib Group makes the same claim. The Adib Group therefore meets the Rule 23 typicality requirement for the purpose of the lead plaintiff inquiry.").

Mr. Sons similarly satisfies Rule 23's adequacy requirement. Given his background and substantial financial losses, Mr. Sons has the ability and incentive to pursue the asserted claims vigorously. To that end, Mr. Sons has retained competent and experienced counsel. *See* ECF No. 20 at p. 5. Finally, no conflicts exist between Mr. Sons and the other putative class members. To the contrary, Mr. Sons's interests are perfectly aligned with those of other Class members and are not antagonistic in any way. *Nakamura v. BRF S.A.*, No. 1:18-cv-02213-PKC, 2018 WL

3217412, at *4 (S.D.N.Y. July 2, 2018) ("[Movant] has preliminarily shown that it would fairly and adequately represent the proposed class because it has no known conflict with the class members, has a sufficient interest in the outcome to insure vigorous advocacy and has selected qualified and experienced counsel.").

To overcome the strong presumption of appointing Mr. Sons as Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, no such proof exists in this case and there can be no credible arguments to the contrary.

**B.      Mr. Sons Selected Well-Qualified Lead Counsel To Represent The Class**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In making this determination, the PSLRA states that a court is not to disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Hagens Berman is a leading securities class action law firm and has an established track record obtaining successful recoveries for investors in securities class actions. *See* ECF No. 20 at p. 6. Accordingly, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

### III.      CONCLUSION

For the reasons discussed above, Mr. Sons requests that the Court appoint him Lead Plaintiff and approve his selection of Hagens Berman as Lead Counsel for the Class.

DATED: September 10, 2020                    Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Lucas E. Gilmore*
    LUCAS E. GILMORE

Reed R. Kathrein (admitted *pro hac vice*)
Lucas E. Gilmore (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Jason Allen Zweig (JZ-8107)
HAGENS BERMAN SOBOL SHAPIRO LLP
555 Fifth Avenue, Suite 1700
New York, NY 10117
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
jasonz@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff*
*Gary Sons*

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Lucas E. Gilmore*
LUCAS E. GILMORE

- 7 -