UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

MEGAN LUNDY and ANDREW KIM, *individually*   :
*and on behalf of all others similarly situated*,
                                             :

                        Plaintiffs,          :

                                             :

        -against-                            :

                                             :
IDEANOMICS, INC., ALFRED POOR, BRUNO         :
WU, and CONOR MCCARTHY,
                                             :

                        Defendants.          :

                                             :

------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 1 6 2020

MEMORANDUM DECISION
AND ORDER

20 Civ. 4944 (GBD)

GEORGE B. DANIELS, United States District Judge:

Before this Court are two securities fraud class action suits against Ideanomics, Inc.
("Ideanomics"), Alfred Poor, Bruno Wu, and Conor McCarthy (collectively, "Defendants").
*Lundy v. Ideanomics, Inc. et al.*, No. 20 Civ. 4944 (GBD); *Kim v. Ideanomics, Inc. et al.*, No. 20
Civ. 5203 (GBD). Plaintiffs in both cases allege that Defendants made materially false and
misleading statements regarding Ideanomics' electronic vehicle business, which caused a decline
in stock price when discovered. Putative class members Gary Sons ("Sons"), Rene Aghajanian
("Aghajanian"), and Avraham Bitran ("Bitran") each filed motions for appointment as lead
plaintiff and to appoint their attorneys as lead counsel. For the reasons articulated below, this
Court appoints Aghajanian as lead plaintiff and approves his selection of lead counsel.

## I.   SONS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF IS DENIED

### A. Sons is Entitled to a Rebuttable Presumption of Appropriate Lead Plaintiff.

Under the Private Securities Litigation Reform Act ("PSLRA"), there is a rebuttable
presumption that the appropriate lead plaintiff is the person that (1) "has either filed the complaint
or made a motion in response to a notice under subparagraph (A)(i)," (2) "has the largest financial

interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Sons provides enough evidence to support a rebuttable presumption that he is the most appropriate lead plaintiff. First, he timely moved to be appointed as lead plaintiff on August 27, 2020, less than 60 days after notice was published in this action on June 28, 2020, announcing the class action against Ideanomics.[1]

Second, Sons appears to have the largest financial interest. To determine the plaintiff with the largest financial interest, the following factors are considered:

(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008). Financial loss, "the last factor, is the most important element" in determining which plaintiff has the "largest financial interest" pursuant to the PSLRA. *See id.* Sons claims that he purchased 350,000 shares and paid $931,396.04 during the class period. (Mem. of Law in Supp. of Mot. to Consol. the Related Actions, Appoint Gary Sons as Lead Pl. and Approve the Selection of Lead Counsel ("Sons Mem."), ECF No. 20, at 5.) Sons asserts that he is the shareholder with the greatest financial loss resulting from Ideanomics' alleged securities fraud, totaling $357,396.04. In support of his claim, Sons provides charts of his transactions and losses during the class period. (*See* Decl. of Lucas E. Gilmore in Supp. of Mot. to Consol. the Related Actions, Appoint Gary Sons as Lead Pl. and Approve the Selection of Lead Counsel, ECF No. 21, Ex. B.)

---

[1] The PSLRA provides that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.* § 78u-4(a)(3)(A)(i)(II).

2

Third, Sons makes the preliminary showing that he satisfies the typicality and adequacy requirements of Rule 23. *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) ("At the lead plaintiff stage of the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality[2] and adequacy[3] requirements of Rule 23.") (quotations omitted).   Sons has sufficiently made a preliminary showing that his claims are typical of the class because he claims to have purchased Ideanomics stock during the class period and suffered losses as a result of the discovery of Defendants' misleading statements.  (Sons Mem., at 5.)  *See also Jakobsen v. Aphria, Inc.*, No. 18 Civ. 11376 (GBD), 2019 WL 1522598, at *5 (S.D.N.Y. Mar. 27, 2019) ("Cunix's claims appear to be typical because, like all members of the class, he alleges that he purchased Aphria stock during the class period and suffered losses after it was discovered that Aphria's misleading statements artificially inflated its stock price during that period.")

Sons has also made a preliminary showing that he will fairly and adequately represent all members of the putative class because he has selected qualified and experienced counsel, states that he has no known conflict between him and the other putative members of the class, and his significant financial losses indicate that he will vigorously prosecute this case.  (Sons Mem. at 5–6.)   Accordingly, Sons has sufficiently established a rebuttable presumption that he is the appropriate lead plaintiff.

---

[2] "One or more members of the class may sue or be sued as representative parties on behalf of all members only if . . . the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed R. Civ. P. 23(a)(3).

[3] "One or more members of the class may sue or be sued as representative parties on behalf of all members only if . . . the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).

**B. Aghajanian Has Successfully Rebutted the Presumption that Sons is an Appropriate Lead Plaintiff.**

Other putative class members may rebut the presumption of the appropriate lead plaintiff by presenting proof that "the presumptively most adequate plaintiff (1) will not fairly and adequately protect the interests of the class, or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).  Aghajanian successfully rebuts the presumption that Sons is the appropriate lead plaintiff. [4]

Aghajanian argues that Sons may be subject to a unique defense because he purchased his shares after the partial corrective disclosures on June 25, 2020. [5]  (Mem. in Further Supp. of the Mot. of Rene Aghajanian for Consol. of Related Actions, Appointment as Lead Pl., and Approval of Selection of Counsel and in Opp'n to Competing Mots. ("Aghajanian Opp'n"), ECF No. 49, at 2, 6.)  He states that Defendants will likely argue that these post-disclosure purchases undermine Sons' "ability to assert the fraud-on-the-market presumption of reliance." (Aghajanian Opp'n, at 6–7.)  If Defendants are successful, according to Aghajanian, the statute of repose may expire, barring the putative class members from substituting a new lead plaintiff.  Sons counters that Aghajanian ignores the allegations of the complaint because the class period includes all June 25,

---

[4] Bitran argues that Sons fails to satisfy Rule 23 because he mislabeled the LIFO and FIFO calculations, which demonstrates a "lack of engagement and experience." (Mem. of Law in Further Supp. of the Mot. of Avraham Bitran for Appointment as Lead Pl. Approval of his Selection of Lead Counsel, and Consol. of Related Actions and Opp'n to the Competing Mots. ("Bitran Opp'n"), ECF No. 51, at 4–5.)  This argument is unpersuasive.  The minor error raised by Bitran does not reflect negatively on Sons' typicality and ability to fairly and adequately represent the putative class.

[5] On June 25, 2020, beginning on or about 10:04 a.m. EDT, Hindenburg Research issued "a series of tweets" and J Capital Research issued a report alleging various misrepresentations by Ideanomics in connection with its Mobile Energy Global Division. (Class Action Compl. for Viol. of the Fed. Sec. Laws ("Lundy Compl."), 20 Civ. 4944, ECF No. 3, ¶¶ 30–36; Class Action Compl. for Viol. of the Fed. Sec. Laws ("Kim Compl."), 20 Civ. 5203, ECF No. 1, ¶¶ 30–36.)  "On this news, the price of Ideanomics stock fell from its June 24, 2020 close of $3.09 per share, to a June 25, 2020 close of $2.44 per share." (Lundy Compl. ¶ 55; Kim Compl. ¶ 55.)  On June 26, 2020, Hindenburg Research and Ideanomics issued additional information regarding the alleged misrepresentations.  As a result, "the price of Ideanomics stock fell further, to just $1.46 per share.  This represents a two day drop of approximately 53%." (Lundy Compl. ¶ 55; Kim Compl. ¶ 55.)

4

2020 investors and that the price of Ideanomics' shares was artificially inflated throughout June 25, 2020. (Gary Sons's Reply Mem. of Law in Further Supp. of his Mot. for Consol. of Related Actions, Appointment as Lead Pl. and Approval of Selection of Counsel ("Sons' Reply"), ECF No. 54, at 5.) Thus, Sons argues, he is not subject to a unique defense.

While post-disclosure purchases are not a per se bar to an appointment as lead plaintiff, Sons may be subject to a unique defense because he purchased *all* his class period shares after the June 25, 2020 partial corrective disclosures but before the June 26, 2020 final corrective disclosure. (Tr. of Oral Arg. dated November 10, 2020, at 29:7–9; *see also* Sons Reply at 6.) Moreover, if Defendants are later successful in any opposition to class certification or Sons as the class representative as a result of Sons' unique defense, class members may be subject to statute of repose concerns. *California Pub. Emp. Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2051 (2017) ("statutes of repose are not subject to equitable tolling"). There is no need to subject the class to these potential issues where there is another appropriate movant readily available.

The cases relied upon by Sons are inapposite and do not support a different conclusion. For example, in *Puda Coal*, the movant purchased shares both before and after the initial corrective disclosure.[6] (*See Korach v. Puda Coal, Inc. et al.*, No. 11 Civ. 2666 (DLC) (HBP), Decl. of Laurence Rosen in Supp. of Mot. of Salomón Querub, Howard Pritchard and Hotel Ventures LLC for Consol. of Related Actions, Appointment as Lead Pl. and Approval of Co-Lead Counsel, ECF No. 23-3.) That is not the circumstance here and Sons may be subject to a unique defense that could detract from the claims of the putative class. Sons' reliance on *Tronox* is similarly misplaced. The initial disclosure in *Tronox* did not mention "fraud or government investigation." *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 346 (S.D.N.Y. 2009). In the present case, the June

---

[6] Similarly, in *Pfizer*, the movant purchased shares before and after the first corrective disclosure. *See In re Pfizer Inc. Sec. Litig.*, 282 F.R.D. 38, 46 (S.D.N.Y. 2012).

25, 2020 disclosures mention the alleged fraudulent conduct. Accordingly, Aghajanian has successfully rebutted the presumption that Sons is an appropriate lead plaintiff.

## II.   AGHAJANIAN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF IS GRANTED

Aghajanian is the most appropriate lead plaintiff. First, he made a timely motion for appointment as lead plaintiff. (Mem. of Law in Supp. of Mot. of Rene Aghajanian for Consol. of Related Actions, Appointment as Lead Pl. and Approval of Selection of Counsel ("Aghajanian Mem."), ECF No. 16.)   Second, of the remaining movants, Aghajanian has the largest financial interest. Aghajanian claims that he expended $178,176.40 to purchase 50,000 shares prior to the partial corrective disclosures on June 25, 2020. (*Id.* at 2.)   Aghajanian asserts that he suffered financial loss resulting from Ideanomics' alleged securities fraud, totaling $105,176. In support of his claim, Aghajanian provides a chart of his transactions and losses during the class period. (*See* Decl. of Naumon A. Amjed in Supp. of the Mot. of Rene Aghajanian for Consol. of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Amjed Decl."), ECF No. 17, Ex. B.)

Third, Aghajanian makes the preliminary showing that he satisfies the typicality and adequacy requirements of Rule 23.[7]   He has sufficiently made a preliminary showing that his claims are typical of the class because he claims to have purchased shares of Ideanomics during the class period and suffered losses as a result of Defendants' misrepresentations and omissions.

---

[7] Bitran argues that Aghajanian is an atypical and inadequate plaintiff because he "disregarded the PSLRA's statutory 'Limitation on Damages' provision by beginning the 90-day lookback period on June 26, 2020" as opposed to June 25, 2020. (Bitran Opp'n, at 8.)   The PSLRA provides that the 90-day lookback period begins "on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. § 78u-4(e)(1). Each complaint alleges that a final corrective disclosure occurred on June 26, 2020. (Lundy Compl., ¶¶ 1, 37; Kim Compl., ¶¶ 1, 37.) Further, each complaint defines the class period as inclusive of June 25, 2020. Bitran's argument effectively ignores the June 26, 2020 corrective disclosure and excludes June 25, 2020 from the class period contrary to the allegations in each complaint. Accordingly, it is reasonable to begin the 90-day lookback period on June 26, 2020. Considering the reasonableness of beginning the lookback period on that date, of the remaining movants, Aghajanian has the largest financial interest as compared to Bitran's stated losses of $93,229.

(Aghajanian Mem., at 8–9.) Aghajanian has selected qualified and experienced counsel. There is no known conflict between him and the other putative members of the class. His significant financial losses ensure that he will vigorously prosecute this case. (Aghajanian Mem. at 9–10.) Accordingly, Aghajanian is the appropriate lead plaintiff.

## III.   KESSLER TOPAZ MELTZER & CHECK, LLP IS APPOINTED LEAD COUNSEL

Under the PLSRA, "the most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Jakobsen v. Aphria, Inc.*, No. 18 Civ. 11376 (GBD), 2019 WL 1522598, at \*5 (S.D.N.Y. March 27, 2019). In this case Aghajanian selected Kessler Topaz Meltzer & Check, LLP, whose "resume indicates that it has extensive experience in the field of securities litigation, and that it has successfully prosecuted numerous securities fraud class actions." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F.Supp.3d 607, 624 (S.D.N.Y. 2015); (*see also* Amjed Decl., Ex. E.) The firm "is qualified, experienced, and generally able to conduct the litigation," and therefore, is approved as Aghajanian's selection of lead counsel. *Jakobsen*, 2019 WL 1522598, at \*5.

## IV.   CONCLUSION

Gary Sons and Avraham Bitran's motions for appointment as lead plaintiff and lead counsel, ECF Nos. 20 and 33, and are DENIED.

Rene Aghajanian's motion for appointment as lead plaintiff, and approval of selection of lead counsel, ECF No. 16, is GRANTED.

Dated: December 16, 2020
New York, New York

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge

8